IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WISE DAVID ALLEN | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. AMD-06-3390 |
| JONATHAN MELNICK, et al., | * | |
| Defendants | | |
| | *** | |

MEMORANDUM

On December 20, 2006, Wise David Allen ("Allen"), who lives in Gaithersburg, Maryland,[1] filed this pro se action for damages invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, and requesting a jury trial.[2] The complaint is difficult to interpret. It appears that Allen takes issue with the real estate market in the Baltimore, Maryland, region and is claiming that there has been "illegal price collusion"on several pieces of auctioned real estate property available in Baltimore. He states that in December 2005, homes were sold by "Auctioneer for the Office of the Sheriff" at prices substantially below the market rate by use of the Internet. He claims that this "restrained the ability for purchasers of the commercial lender industry and plaintiff to do business in the region."[3] Allen alleges that he, along with his three children and the tenants of the properties, sustained emotional and economic injuries.

Allen alleges that: (1) he is employed with "Djilon Legal" and generates a monthly net income of $2,400.00; (2) he owns a $450,000 home which is currently in bankruptcy proceedings;

---

[1] Allen holds himself out as a resident of California who is domiciled in Maryland and was domiciled in Virginia during the periods relevant to the allegations in the complaint.

[2] Allen also invokes this court's federal question jurisdiction under 28 U.S.C. § 1331, alleging that rights under the Fifth and Fourteenth Amendments were violated. He additionally seeks to invoke federal and Maryland antitrust laws and Maryland common law.

[3] Allen alleges that for purposes of defrauding him of business proceeds, defendants made false representations that: (1) Tobie and Larry Burch-Rates were federal attorneys; and (2) Allen and Babu Davis had engaged in contractual transactions.

(3) any income is subject to supervision of the bankruptcy court; and (4) he has debts and monthly personal expenses. Paper No. 2. In light of this information, Allen's motion to proceed *in forma pauperis* shall be granted. The complaint, however, shall be dismissed for failure to state a claim.

Complaints of pro se litigants are to be generously construed but federal courts are not required to conjure up questions never squarely presented to them.[4] *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). Plaintiff is not, however, a typical pro se litigant. He is no stranger to this court, nor is he a layperson. Past litigation reveals that he is an attorney, currently licensed to practice in California,[5] and has in the recent past served as a Naval Reserve Lieutenant in the Judge Advocate General Corps. *See Allen v. Dorsey*, Civil Action No. PJM-06-1700 (D. Md.); *Allen v. Bally* Civil Action No. ESH-01-2107 (D. D. C.). Allen may therefore be held to a higher standard than a layperson. *See Crumpacker v. Civiletti*, 90 F. R. D. 326, 329-30 (D. C. Ind. 1981).

It is well established that the Federal Rules of Civil Procedure require that a complaint do no more than give notice of the nature of plaintiff's claims and the grounds upon which they rest. *See Conley v. Gibson*, 355 U.S. 41, 48 (1957). Fed. R. Civ. P. 8 places only the barest of restrictions on the form that this notice may take. It requires, in relevant part, that the complaint provide a short and plain statement of the claim and the basis for the court's jurisdiction, and that the statement be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a)(1) & (2); Fed. R. Civ. P. 8(e)(1). It is left to the

---

[4]A federal court does not act as an advocate for a *pro se* claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

[5]Allen has previously claimed that he is a member of the California Bar. *See Allen v. Dorsey*, Civil Action No. PJM-06-1700 (D. Md.). The State Bar of California lists a Wise David Allen, of Berkeley, California, as an active member of its Bar.

trial judge in each case to determine whether a particular pleading complies with the Rule 8 mandate for clarity and brevity.

Allen's complaint utterly fails to comply with federal pleading requirements. The 17-page complaint contains various legal charges and conclusions against some defendants and then makes a number of naked assertions regarding plaintiff's injuries. The confused narrative does not, however, provide a factual nexus between the two. Moreover, while plaintiff names approximately eight defendants, the complaint fails to specify which defendants are liable under the various theories of recovery. For example, plaintiff fails to present any clear factual allegations against defendants Larry Burch-Rates, Tobie Burch-Rates, Sheriff Ramsey, Nicholas Phucas, Amir Ibrahim, and Monique A. S. Allen.[6] Defendants would be left to guess on what factual and legal grounds plaintiff is seeking damages against them.

Accordingly, plaintiff's complaint shall be dismissed without prejudice for failure to state a claim. An Order follows.

Date: January 31, 2007    /s/_____
                                        Andre M. Davis
                                        United States District Judge

---

[6]Monique Allen or Monique Simmons is Allen's ex-wife. *See Allen v. Simmons*, Civil Action No. AW-03-2244 (D. Md.).